UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MUCKELRATH, et al., | No. 2:15-cv-2611 MCE GGH PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHILD PROTECTIVE SERVICES, et al., | |
| Defendants. | |

Plaintiffs, proceeding in this action pro se, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

1

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiffs Kenneth Muckelrath and Cheri Manning are the parents of Sarah Manning, a six year old child in the custody of Child Protective Services ("CPS").  The complaint alleges that Nicole Drake, a social worker for CPS, cut their child's hair without authorization.  In fact, plaintiffs complain, Drake asked permission to cut the child's hair, and the parents denied it, threatening her with a lawsuit if she did.  (ECF No. 1 at 2.)

The court lacks subject matter jurisdiction over this action, because plaintiffs' complaint does not appear to assert any federal claims, and there is no complete diversity of citizenship (with both plaintiffs and all defendants being citizens of California).

Moreover, even if plaintiffs attempted to assert federal constitutional claims pursuant to 42 U.S.C. § 1983 or some other federal statute, it would be inappropriate for a federal court to

2

interfere in this pending family law matter.  See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (upholding abstention by district court in dispute involving father's visitation rights).  Disputes regarding child custody and visitation are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, especially when there are ongoing state judicial proceedings.  Coats, 819 F.2d at 237.  As the Ninth Circuit Court of Appeals noted in Coats: "[i]f the constitutional claims in the case have independent merit, the state courts are competent to hear them.  Given the state court's strong interest in domestic relations, we do not consider that the district court abused its discretion when it invoked the doctrine of abstention."  Coats, 819 F.2d at 237.  For those same reasons, abstention is appropriate in this case.  Plaintiffs' proper recourse is to appeal or seek relief from the custody orders/decisions in the state appellate courts, and to pursue any related constitutional claims in the state courts.  The federal courts are not going to get involved in the minutiae of every-day custodial decisions, such as whether a haircut is needed, whether cheese may be appropriately encompassed within a diet, what TV programs may be viewed, and the like.

     Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by further amendment.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.  See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the court is not required to allow futile amendments).

     In accordance with the above, IT IS RECOMMENDED that:

     1.  This action be dismissed with prejudice,

     2.  Plaintiffs' request for leave to proceed in forma pauperis be denied as moot; and

     3.  The Clerk of the Court be directed to close this case.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  Plaintiff s are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4  F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Muckelrath2611.fr